COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.
 
2-09-394-CV

GERALD BROWDER APPELLANT

V.

JAMES LOWELL PENTON, JR., AS APPELLEE

THE INDEPENDENT EXECUTOR OF

THE ESTATE OF JAMES LOWELL

PENTON, DECEASED

------------

FROM PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gerald Browder is attempting to appeal from the trial court’s partial summary judgment in favor of Appellee James Lowell Penton, Jr., as the independent executor of the estate of James Lowell Penton, Deceased.
(footnote: 2)  We will dismiss for want of jurisdiction.

In July 2008, Appellee filed this real estate deed construction case, asserting causes of action against Appellant and other defendants under the Texas Natural Resources Code and seeking a declaratory judgment.  Appellee sought damages and attorneys’ fees.  In July 2009, Appellee filed a motion for partial summary judgment, which the trial court ultimately granted.  The order on the motion for partial summary judgment states that “the issues of damages and reasonable and necessary attorney’s fees which are equitable and just, if any, shall be tried.”

Appellant filed his notice of appeal in November 2009.  Appellee filed a motion to dismiss the appeal for want of jurisdiction on the ground that the partial summary judgment is not a final judgment.  Appellee contends that the trial court merely granted partial summary judgment, expressly providing in its order that the issues of damages and attorneys’ fees “shall be tried.”  Appellant filed no response to the motion to dismiss.

Appellate courts have jurisdiction only over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001); 
see 
Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (Vernon Supp. 2009), § 51.014 (Vernon 2008), § 171.098 (Vernon 2005); Tex. Gov’t Code Ann. § 1205.068 (Vernon 2000).  A judgment entered without a conventional trial on the merits is final “if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.”  
Lehmann
, 39 S.W.3d at 
192–93
.

Here, the order granting Appellee’s motion for partial summary judgment is not a final, appealable order; the order states that Appellee is “entitled to 
partial 
judgment as a matter of law” and that the issues of damages and attorneys’ fees “shall be tried.” [Emphasis added.]  Nor is the order an appealable interlocutory order.  
Accordingly, because there is no final judgment or appealable interlocutory order, we dismiss the appeal for want of jurisdiction.  
See 
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  February 4, 2010

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
The order that Browder attempts to appeal also denied his motion for a declaratory judgment.